UNITED STATES of America, Appellee,

v.

Clarence W. GANNAWAY et al., Appellants.

No. 76–1057.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1976.

Decided June 9, 1976.

---

Gary Clifford, El Dorado Springs, Mo., for appellants.

Glen R. Goodsell, Land and Natural Resources Div., Dept. of Justice, Washington, D. C., (Peter R. Taft, George R. Hyde, Dept. of Justice, Washington, D. C., Bert C. Hurn, U. S. Atty., and David M. Proctor, Jr., Asst. U. S. Atty., Kansas City, Mo., on the brief), for appellee.

Before BRIGHT and WEBSTER, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

BRIGHT, Circuit Judge.

On October 1, 1975, the three judges [1] of the County Court of Cedar County, Missouri (Judge Gannaway and others), directed the removal of a barricade that the United States Army Corps of Engineers (Corps) had placed across a roadway at a location within the boundaries of the Orleans Trail Public Use Area, which is maintained and operated by the Corps as part of the Stockton Dam and Reservoir project, located in Cedar County near Stockton, Missouri. The United States then brought an action against the county judges in federal district court seeking a preliminary injunction to require them to reinstate or pay for reinstallation of the barricade. Pending final resolution of the merits, the district court (Judge William C. Collinson) by way of a preliminary injunction ordered restoration of the status quo by requiring the county judges to reinstate the barricade. The county judges bring this appeal. We affirm.

The road in question leads south from Stockton, Missouri, for about two miles to the reservoir where it is covered by water and then continues beyond the water area. A Corps-constructed road intersects the subject road and follows the waterline of the reservoir. The Corps in July of 1973, barricaded the road south of the water area at a point about 50 feet within the Public Use Area. In August 1974, the Corps improved the barricade by constructing a 20-foot steel structure across the road. The county judges ordered the barricade removed on October 1, 1975, and county employees immediately carried out this order.

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. These "judges" act in an administrative capacity for the county.

While the Corps has provided an entrance to the Public Use Area at a point north of the reservoir and has provided an access road following the waterline, the use of this entrance is inconvenient for persons owning cottages near the reservoir who desire access to the reservoir from the south. Persons seeking access to the water from the south side of the reservoir must make a circuitous trip of approximately 15 miles to gain access, but without the barricade direct access to the reservoir is afforded from the south.

On this appeal, Gannaway contends that the Corps unlawfully installed the barricade solely by physical seizure and not by way of condemnation. The Government asserts that it possesses the power to erect a barricade over a road not owned by the United States within a public park under the authority of 16 U.S.C. § 460d, which reads in pertinent part, as follows:

> The Chief of Engineers, under the supervision of the Secretary of the Army, is authorized to construct, maintain, and operate public park and recreational facilities at water resource development projects under the control of the Department of the Army * * *.
>
> *     *     *     *     *     *
>
> The water areas of all such projects shall be open to public use generally for boating, swimming, bathing, fishing, and other recreational purposes, and ready access to and exit from such areas along the shores of such projects shall be maintained for general public use, when such use is determined by the Secretary of the Army not to be contrary to the public interest * * *.

The Government relies on *Stringer v. United States*, 471 F.2d 381 (5th Cir.), cert. denied, 412 U.S. 943, 93 S.Ct. 2775, 37 L.Ed.2d 404 (1973), as supporting its contention. Moreover, in its complaint and at the district court hearing, the Government denied the subject road is a public road. That issue was not decided at the preliminary stage of this proceeding.

In affirming the grant of the preliminary injunction, we need not now decide the merits of the respective claims of the parties. The merits remain with the district court for ultimate resolution in this and in a companion quiet title case over the road brought by Cedar County against the United States.

The *Stringer* case offers substantial support for the probability that the Government will succeed on the merits. The threat of trespass upon government property by and through an uncontrolled means of access through the subject roadway demonstrates substantial injury to the Government sufficient to warrant a preliminary injunction and restoration of the status quo existing from 1973 to October 1975. Moreover, the harm to the local public is minimal pending final resolution of the controversy since access to the water is otherwise available, although by a lengthier route.

The decision to grant or deny a preliminary injunction rests within the discretion of the district court and will not be disturbed on appeal absent a showing of abuse of discretion. *Missouri Portland Cement Co. v. H. K. Porter Co.*, 535 F.2d 388 (8th Cir., 1976); *Chicago Stadium Corp. v. Scallen*, 530 F.2d 204 (8th Cir., 1976). No such abuse is shown here.

We affirm and direct that the mandate issue forthwith.